UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHNNY STULL,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM ELKINS,<br><br>    Defendant. | Civil No. 5:23-cv-00286-GFVT<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Johnny Stull is a resident of Winchester, Kentucky. Proceeding without an attorney, Mr. Stull has filed a civil complaint against Defendant William Elkins (identified as the County Attorney for Clark County, Kentucky) [R. 1] and a motion to proceed in forma pauperis. [R. 3.][1] The information contained in Mr. Stull's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee, thus his motion will be granted. Because Mr. Stull is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Mr. Stull's Complaint because he has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When testing the sufficiency of Mr. Stull's Complaint, the Court affords

---

[1] Mr. Stull did not sign his Complaint, as is required by Rule 11(a) of the Federal Rules of Civil Procedure (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). *See* Fed. R. Civ. P. 11(a).

it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

In his Complaint, Stull alleges that "[i]n 2005, he arrested me and took all belongings cars and other items without a will being probated.  He removed items that belonged to other people that I was working on.  He employed Scott's Towing to take items to auction." [R. 1 at 4.]  Stull does not specify a legal basis for any claim against Elkins, but requests compensatory damages for the vehicles (that he claims totaled approximately $1 million) and punitive damages in the amount of $10,000.00. *Id*.

Although Mr. Stull's allegations are vague, a review of the Kentucky Court of Justice's online Court Records shows that, in 2004, Stull was charged in the Clark County District Court with failure to comply with an order to remove health nuisances in violation of KRS § 212.210(1).[2]  After he failed to appear, he was found guilty on October 19, 2004, and charged with contempt of court for his failure to appear.  On May 31, 2005, he was found guilty of contempt and sentenced to 80 days in jail. *See Commonwealth v. Stull*, No. 04-M-00884 (Clark Dist. Ct. 2004), available at https://kcoj.kycourts.net/CourtNet (last accessed on October 13, 2023).  Again, it is not entirely clear, but these charges appear to be related to a civil lawsuit filed against Stull by the Commonwealth of Kentucky Transportation Cabinet in 2002, which resulted in the matter being referred to a Master Commissioner for a judicial sale of Stull's property in

---

[2] *See* https://kcoj.kycourts.net/CourtNet (last accessed on October 13, 2023).  The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980); *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

2005.  *See Commonwealth of Ky., Transp. Cabinet v. Stull*, No. 02-CI-00720 (Clark Cir. Court 2002).

After conducting a preliminary review of Mr. Stull's complaint, the Court concludes that it must be dismissed for multiple reasons.  A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also* Fed. R. Civ. P. 8.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

While Mr. Stull's Complaint states that his property was seized and taken to auction, he fails to allege any facts that, if true, demonstrate that the property was wrongfully seized, nor does he cite to any legal basis—such as a federal statute or a provision of the United States Constitution—for a claim against Elkins related to the seizure and sale of his property.  While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made.  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).  Mr. Stull's failure to adequately allege a claim for relief does not give this Court license to create these allegations on his behalf.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Moreover, to the extent that Stull's Complaint could be broadly construed to suggest a constitutional claim brought pursuant to 42 U.S.C. § 1983 related to the seizure and sale of

3

Stull's property, Stull's allegations fail to state a claim for which relief may be granted against Elkins in either his official or individual capacity. An official capacity claim against Elkins is construed as a claim against Clark County. *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008). However, a county government is only liable under § 1983 when its employees cause injury by carrying out the county's formal policies or practices. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, a plaintiff must specify in the complaint the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Stull does not allege the existence or substance of such a policy in his Complaint, thus he fails to state a claim against Elkins in his official capacity. *Bright v. Gallia Cnty.*, 753 F.3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013).

An individual capacity claim against Elkins fares no better, as it is barred by the absolute quasi-judicial immunity afforded to prosecutors performing functions related to that role. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–46 (2009); *Adams v. Hanson*, 656 F.3d 397, 401–03 (6th Cir. 2011). Stull does not make any allegation that Elkins engaged in any conduct unrelated to judicial proceedings against Stull, thus Elkins is entitled to immunity for his conduct.

Moreover, a plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517,

4

531–33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315–16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court remedies were inadequate). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Here, Stull does not allege that available state remedies are inadequate to redress his alleged property deprivation. In the absence of such allegations, the Court declines to reach that conclusion. *See Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994).

Finally, even if Stull's Complaint alleged a viable claim against Elkins, it is clear from the face of Stull's complaint that any constitutional claim against Elkins is untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted).

Claims seeking monetary relief for federal constitutional violations are brought pursuant to 42 U.S.C. § 1983. Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urb. Cnty. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. KRS § 413.140(1)(a). A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Est. of Abdullah ex rel. Carswell v. Arena*, 601

F. App'x 389, 393–94 (6th Cir. 2015) ("Once the plaintiff knows 'he has been hurt and who has inflicted the injury,' the claim accrues." (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979))). When operative facts are not disputed, the district court "determines as a matter of law whether the statute of limitations has expired." *Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir. 1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Stull's Complaint is clear that the seizure and sale of his property occurred in 2005. However, he did not file his complaint until October 2023, over 17 years too late. Because the statute of limitations on any constitutional claim arising from the seizure and sale of Stull's property in 2005 has long expired, Stull's complaint must be dismissed.

For all of the forgoing reasons, it is hereby **ORDERED** as follows:

1. Stull's motion to proceed in forma pauperis **[R. 3]** is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;
2. Stull's Complaint **[R. 1]** is **DISMISSED**;
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and
4. A corresponding Judgment will be entered this date.

This 24th day of October 2023.

Gregory F. Van Tatenhove
United States District Judge

6